CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 24 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:11CR00054-01 |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| VICTOR RAY LAYMAN, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

On November 30, 2012, the defendant, Victor Ray Layman, pled guilty to manufacturing more than 100 marijuana plants, in violation of 21 U.S.C. § 841(a)(1). As permitted by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulated that the defendant should receive a term of imprisonment of 30 months. On April 29, 2013, the sentencing judge accepted the plea agreement and sentenced the defendant to a term of imprisonment of 30 months.* The defendant has now moved for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. For the following reasons, the motion must be denied.

Pursuant to its statutory authority, the United States Sentencing Commission has amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines, which provides the base offense levels for most federal controlled substance offenses (Amendment 782). The Sentencing Commission has further decided that, effective November 1, 2015, the amended guideline provisions will apply retroactively to defendants who were sentenced under prior versions of the Guidelines and who are still incarcerated. The practical effect of the Sentencing Commission's actions is that

---

* Senior United States District Judge James C. Turk presided over the defendant's sentencing hearing. Judge Turk is now deceased.

certain federal defendants convicted of offenses involving controlled substances may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

To be eligible for a reduction under § 3582(c)(2), the amendment must have had the effect of lowering the applicable guideline range on which the defendant's sentence was based. See 18 U.S.C. § 3582(c)(2) (authorizing a district court to reduce a previously imposed term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"). When a term of imprisonment is imposed pursuant to a Rule 11(c)(1)(C) agreement, the term of imprisonment to which the defendant is sentenced is based on the agreement itself, rather than the Sentencing Guidelines, and, therefore, relief under § 3582(c)(2) is usually not available. See United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011) (citing Freeman v. United States, 131 S.Ct. 2685, 2697 (2011) (Sotomayor, J., concurring)). A limited exception to this general rule is "where the plea agreement itself expressly refers to and relies upon a Guidelines sentencing range." Id. Specifically,

> If a (C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is "based on" the range employed and the defendant is eligible for a sentence reduction under § 3582(c)(2).

Freeman, 131 S.Ct. at 2695 (Sotomayor, J., concurring); Brown, 653 F.3d at 340 (concluding that Justice Sotomayor's rationale in Freeman is controlling).

Having reviewed the defendant's Rule 11(c)(1)(C) agreement, the court concludes that he is not eligible for relief under § 3582(c)(2). The agreement does not expressly use a Guidelines sentencing range to establish the term of imprisonment agreed upon by the parties. Instead, it simply states that "[t]he parties have agreed under the terms of Rule 11(c)(1)(C) that [the defendant] should

2

receive a sentence of 30 months incarceration." See Docket No. 40 at 2. The defendant's agreement therefore does not satisfy the limited exception set forth above. See Brown, 653 F.3d at 340 (holding that the defendant's plea agreement did not satisfy the exception recognized in Justice Sotomayor's concurrence, where it merely stated that "'the appropriate sentence in this case is incarceration for not less than 180 months and not more than 240 months'"); see also United States v. Frazier, 531 F. App'x 308, 310 (4th Cir. 2013) (holding that the exception recognized by Justice Sotomayor did not apply where it was not evident from the plea agreement that the agreed-upon sentence was based on particular guideline range). Accordingly, "the plea agreement itself 'is the foundation for the term of imprisonment' imposed" in the defendant's case, and the court lacks the authority to grant his motion for reduction in sentence. Brown, 653 F.3d at 340 (quoting Freeman, 131 S.Ct. at 2690 (Sotomayor, J., concurring)). For these reasons, the defendant's motion must be denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 24th day of November, 2015.

*/s/ Glen Conrad*
Chief United States District Judge